In re Myles S. BREINER, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 99–BG–139.

District of Columbia Court of Appeals.

Dec. 30, 1999.

Before TERRY, FARRELL, and WASHINGTON, Associate Judges.

PER CURIAM:

During the course of his representation of a defendant in a murder case in Hawaii, respondent Myles S. Breiner was cited for four counts of criminal contempt of court. Specifically, respondent was held in criminal contempt for: "(1) continuing to argue during opening statement after admonishment by the trial court; (2) disrespectful conduct toward a prosecution witness and the trial court during cross-examination of the witness; [and] (3) making improper comments within the hearing of the trial jury."

Respondent stipulated to the facts underlying the contempt citations. On January 4, 1999, the Supreme Court of Hawaii suspended respondent from the practice of law for six months.

Bar Counsel filed with this court a certified copy of the disciplinary order issued by the Supreme Court of Hawaii. On February 25, 1999, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board has found that respondent violated Rule 3.5(c) of the District of Columbia Rules of Professional Conduct,[1] and that reciprocal discipline is warranted. However, the Board concluded that a six-month suspension is a substantially different sanction than respondent's misconduct would warrant in an original proceeding in the District of Columbia, and that, therefore, imposition of identical reciprocal discipline is not appropriate. *See* D.C.Bar. R. XI, § 11(c)(4). The Board recommends a suspension of sixty days, rather than six months, to be imposed *nunc pro tunc* to March 1, 1999, the date respondent filed the affidavit required by D .C. Bar R. XI, § 14(g).

Acting Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation, although he sought a six-month suspension in the proceedings before the Board. Respondent has not filed any opposition to the Board's report and recommendation. Our scope of review is limited by the lack of objection to the Board's report and recommendation. *In re Goldsborough,* 654 A.2d 1285 (D.C.1995). Thus, we adopt the Board's recommendation. Accordingly, it is

ORDERED that Myles S. Breiner be suspended from the practice of law in the District of Columbia for the period of sixty days. This suspension is ordered *nunc pro tunc* to March 1, 1999, the date respondent filed the affidavit required by D.C. Bar R. XI, § 14(g).[2]

*So ordered.*

---

1. Rule 3.5(c) provides that a lawyer shall not "[e]ngage in conduct intended to disrupt a tribunal."

2. We note that respondent did not file his Rule 14(g) affidavit in this court as required. The Board states that respondent filed the affidavit with the Board on March 1, 1999, and subsequently amended the affidavit to achieve full compliance with Rule 14. Given the Board's recommendation that the suspension be imposed *nunc pro tunc,* we will treat respondent's original and amended affidavits as having been filed in this court on the dates they were filed with the Board.