from the class of cognizable PCRA claims." *Albrecht,* 720 A.2d at 700.

Such is the actual history of the rule that, appellant contends, absolutely entitles him to consideration of his claims on the merits, even if the claims are waived under the PCRA. In my view, enforcement of the statutory terms does not retroactively deprive appellant of any settled right to which he could lay claim. The rule is not, and never was, absolute. The analysis was always case by case: whether a claim would be reviewed on the merits depended upon this Court's assessment of the nature of the particular claim, the waiver at issue, and the record.

This matter is not the sort of case where relaxed waiver would have been appropriate. Appellant invokes relaxed waiver as if of absolute right, and apparently as a litigation strategy. I say "litigation strategy" because a non-waived version of each of appellant's claims was available to him and actually pursued by him; thus, his alternative invocation of relaxed waiver would appear to be strategy-based. Appellant had no settled expectation that this Court would entertain his waived claims instead of, or in addition to, his preserved claims upon mere demand in a PCRA appeal. Furthermore, since appellant mischaracterizes the rule as an absolute, he advances no relevant argument as to why any of his particular claims would have been subject to the discretionary application of our relaxed waiver rule, such that the majority's application of the holding in *Albrecht* could be deemed "retroactive" as to him. This Court, of course, is not obliged to make appellant's argument for him. Since non-waived versions of appellant's claim were available to, and actually pursued by him, he is not "entitled" to have the waiver of his preferred versions of the claims ignored.

Justice SAYLOR concurring.

I join the opinion of the majority, save for footnote 4. *See Commonwealth v. Williams,* 566 Pa. 553, 782 A.2d 517 (2001).

Justice CAPPY joins this concurring opinion.

## OFFICE OF DISCIPLINARY COUNSEL, Petitioner

v.

### Gerald S. SUSMAN, Respondent.

### No. 522, Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

March 26, 2002.

### *ORDER*

PER CURIAM.

AND NOW, this 26th day of March, 2002, upon consideration of the Report and Recommendations of the Disciplinary Board dated February 4, 2002, it is hereby

ORDERED that GERALD S. SUSMAN, be and he is SUSPENDED from the Bar of this Commonwealth for a period of three (3) years, retroactive to May 10, 1999, and he shall comply with all the provisions of Rule 217 Pa.R.D.E.

It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Justice SAYLOR dissents, as he would impose a five-year suspension as recommended by dissenting Board Member Caroselli.