## In re Greg S. FRIEDMAN, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

#### No. 02–BG–349.

District of Columbia Court of Appeals.

Submitted Feb. 12, 2004.

Decided March 4, 2004.

Before TERRY and RUIZ, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

This disciplinary matter comes before the court on the report and recommendation of the Board on Professional Responsibility ("Board") that reciprocal discipline be imposed on respondent, Greg S. Friedman, as a result of discipline imposed by the Court of Appeals of Maryland suspending respondent for six months.

The Attorney Grievance Commission of Maryland initiated an investigation into an allegation that respondent misrepresented certain facts to the Maryland Circuit Court concerning the reason for his absence from a pretrial conference in a Circuit Court case. During the course of the investigation, respondent voluntarily acknowledged that he made a false statement to the court and opposing counsel, which he then repeated to Bar Counsel. Specifically, respondent falsely represented that a subpoena had been improvidently prepared and issued by a law student in respon-

dent's office, when in truth, it had been prepared and issued by respondent's client.[1] On January 24, 2002, the Court of Appeals of Maryland accepted a joint petition from respondent and Maryland Bar Counsel acknowledging the misrepresentation and requesting a six-month suspension by consent. Upon being notified by respondent of the Maryland suspension, this court suspended respondent from the practice of law in the District of Columbia pending final resolution of this proceeding pursuant to D.C. Bar R. XI, § 11(d) on April 16, 2002. On November 13, 2003, we granted respondent's motion vacating the interim suspension.

Upon review of respondent's Maryland disciplinary record, Bar Counsel recommended that identical reciprocal discipline in the form of a six-month suspension be imposed on respondent in the District of Columbia. Respondent did not reply to Bar Counsel's proposal or otherwise object to the imposition of identical reciprocal discipline before the Board.

On June 25, 2003, the Board filed its report and recommendation with the court, which also recommended imposition of a suspension of six months as identical reciprocal discipline, to commence when respondent files his D.C. Bar R. XI, § 14(g) affidavit.

Respondent does not contest the nature of the ethical violation or argue that he should not serve a six-month reciprocal suspension here for his Maryland miscon-

duct. We therefore impose the identical reciprocal discipline recommended by the Board in its report and recommendation. *See In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992).

ORDERED that Greg S. Friedman is suspended from the practice of law in the District of Columbia for a period of six months. This suspension is ordered *nunc pro tunc* to May 5, 2003, the date respondent filed the affidavit required by D.C. Bar R. XI, § 14(g).[2] Because respondent was suspended on an interim basis until November 13, 2003, the six-month suspension has been satisfied.

*So ordered.*

---

1. Respondent was unaware that his client had procured a blank, signed subpoena, completed it, and caused it to be sent and served upon a witness. Respondent discovered what his client had done only after he received a motion for a protective order filed by opposing counsel. Upon learning about the subpoena, respondent withdrew it within thirty minutes. In doing so, however, respondent invented the fictitious law student and repeated this falsehood to the court and Maryland Bar Counsel in order to shield his client.

2. Respondent did not file his affidavit with the Board as required by § 14(g). The record shows that respondent filed the affidavit with this court on May 5, 2003, and subsequently filed a copy with the Board on June 30, 2003. Given Bar Counsel's recommendation that the suspension be imposed *nunc pro tunc*, we will treat respondent's original affidavit as having been filed with the Board on the date it was filed with this court. *See In re Breiner*, 742 A.2d 886, 887 n. 2 (D.C.1999).