**In re Gerald S. SUSMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 12799).**

No. 00–BG–121.

District of Columbia Court of Appeals.

Submitted May 12, 2005.

Decided June 9, 2005.

Before SCHWELB, WASHINGTON, and REID, Associate Judges.

PER CURIAM:

The respondent, Gerald S. Susman, pleaded guilty in 1997 to the felony offense of making false statements in relation to documents required by the Employee Retirement Income Security Act.[1] He was

---

1. A detailed discussion of the underlying facts may be found in *United States v. Helbling,* 209

sentenced to five years probation, fined $10,000, and ordered to pay $42,500 in restitution.

After Bar Counsel informed us of respondent's conviction and of his indefinite suspension by consent in Maryland,[2] we temporarily suspended him pursuant to D.C. Bar R. XI, §§ 10(c) and 11(d). We also directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the nature of the final discipline to be imposed and to determine whether respondent's conviction involved moral turpitude *per se* under D.C.Code § 11–2503(a) (2001).

On March 23, 2004, the Board submitted a Report and Recommendation. It concluded that respondent had engaged in dishonest conduct in violation of D.C. Rule of Professional Conduct 8.4(c), and had engaged in criminal conduct which reflected adversely on his honesty, trustworthiness, and fitness to practice law in violation of D.C. Rule of Professional Conduct 8.4(b). While the Board also concluded that respondent's crime did not involve moral turpitude *per se*, it did find based on the record in this particular case, that his deliberate and intentionally unlawful conduct involved moral turpitude and thus recommended that he be disbarred as mandated by D.C.Code § 11–2503(a). Finally, the Board recommended that for the purposes of reinstatement, respondent's disbarment period should begin to run thirty days after entry of any order of disbarment.

Bar Counsel took no exception to the Board's Report and Recommendation;

F.3d 226 (3d Cir.2000).

**2.** *See Attorney Grievance Comm'n v. Susman,* 357 Md. 373, 744 A.2d 548 (2000). Respondent was also suspended for three years by the Supreme Courts of Pennsylvania and

however, respondent took exception with the Board's finding that he had failed to submit an affidavit which conformed to the requirements of D.C. Bar R. XI, § 14. Thus, at the Board's request, we remanded the case for the limited purpose of reconsidering the effective date of respondent's disbarment.

On October 25, 2004, the Board filed a second Report and Recommendation which adopted the first Report and Recommendation in its entirety, except to the extent that it recommended that, for purposes of eligibility for reinstatement, respondent's disbarment period should begin to run thirty days after entry of a disbarment order. The Board amended its recommendation and proposed that respondent be allowed to correct his previously filed, but deficient, Rule XI, § 14(g) affidavit by filing a supplemental affidavit within ten days. It further recommended that if respondent complied, his disbarment period should be deemed to run *nunc pro tunc* from June 7, 2001, the date of his deficient affidavit. In amending its recommendation, the Board acknowledged that respondent had not been notified of the deficiencies in his June 7, 2001, affidavit until the filing of its first Report on March 23, 2004.

Respondent complied and submitted a conforming affidavit within ten days of the Board's second Report. Neither respondent nor Bar Counsel has excepted to the Board's revised Report and Recommendation. We therefore accept the Board's findings and adopt its recommendations. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

Florida. *See, e.g., Office of Disciplinary Counsel v. Susman,* 568 Pa. 302, 795 A.2d 957 (2002); *Florida Bar v. Susman,* 767 So.2d 463 (Fla.2000).

 Accordingly, it is ORDERED that Gerald S. Susman is disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. For the purpose of seeking reinstatement to the bar, respondent's disbarment period shall be deemed to run *nunc pro tunc* from June 7, 2001.

*So ordered.*