**In re Steven R. HOOK, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 430542).**

**No. 06–BG–374.**

District of Columbia Court of Appeals.

Dec. 14, 2006.

Before REID and FISHER, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

On December 15, 2005, the Maryland Court of Appeals suspended the respondent, Steven R. Hook, from the practice of law for ninety days, effective January 17, 2006. The respondent was suspended as the result of a Joint Petition for Suspension by Consent which he filed with the Attorney Grievance Commission of Maryland. The respondent stipulated that sufficient evidence existed to support his violations of Maryland Rules of Professional Conduct 1.3 (diligence), 1.4 (failure to communicate), 5.3 (inadequate supervision of non-legal employees), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), and 8.4(d) (conduct prejudicial to the administration of justice).[1]

After the Office of Bar Counsel filed certified copies of the Maryland suspension notice and an order from the United States District Court for Maryland impos-

---

1. These provisions are substantively the same as the corresponding D.C. Rules of Profes-sional Conduct.

ing the same sanction, this court temporarily suspended Mr. Hook pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board") for its recommendation on whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether it would proceed *de novo*. Shortly thereafter, on May 22, 2006, the Board received a letter from respondent with a *Goldberg* affidavit[2] and his D.C. Bar R. XI, § 14(g) affidavit. Both were three days late.

■ The Board submitted its report and recommendation on September 12, 2006, and it recommends imposition of identical reciprocal discipline. Because of the rebuttable presumption favoring such discipline,[3] the lack of anything in the record to indicate that reciprocal discipline is inappropriate,[4] the fact that the proposed sanction is commensurate with those we have imposed in similar cases,[5] and our heightened deference to the Board when its recommendation is unopposed,[6] we hereby adopt the Board's recommendation and will suspend the respondent for ninety days.

■ The only problem in this case is determining the effective date of that suspension. Respondent was required to report his foreign discipline to Bar Counsel,[7]

and he states that he reported the Maryland suspension to the "District of Columbia Bar." However, Bar Counsel states the underlying proceeding was not initiated until after his office received notice from the Maryland disciplinary authorities. Since respondent has been given the opportunity to clarify his affirmation, but has not done so, we hold that he is not entitled to *nunc pro tunc* treatment of his reciprocal suspension to the date that his foreign suspension began.[8] Respondent's D.C. Bar R. XI, § 14(g) affidavit is similarly inadequate; both for technical reasons,[9] and more seriously, because it fails to address core requirements of that rule. Specifically, it does not indicate: 1) whether respondent has given notice to clients, if any, of his interim suspension; 2) whether he represents clients in non-litigated matters[10] and, if so, whether he has given them appropriate notice; and 3) the affidavit is vague on whether respondent represents clients who are not "on retainer." The Board concluded that respondent should be allowed to cure these deficiencies by supplement[11] provided that he submitted a compliant affidavit within ten days of its September 12 report and recommendation. But since that time has passed without our having been informed that respondent has complied, and there

**2.** *In re Goldberg,* 460 A.2d 982 (D.C.1983).

**3.** *See In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); D.C. Bar R. XI, § 11(f).

**4.** D.C. Bar R. XI, § 11(c).

**5.** *In re Cater,* 887 A.2d 1 (D.C.2005) (six-month suspension, with fitness, for failure to supervise, failure to cooperate, and incompetence).

**6.** D.C. Bar R. XI, § 11(f)(1).

**7.** D.C. Bar R. XI, § 11(b).

**8.** *In re Slosberg,* 650 A.2d 1329 (D.C.1994).

**9.** As noted, it was untimely, but the affidavit also fails to list all courts or agencies where Respondent is or was admitted to practice, it is not notarized, and it does not conform to the declaration requirement of D.C.App. R. 1.

**10.** Respondent's § 14(g) affidavit states that he is "not representing any clients in litigated matters," but this begs the question as to what other types of representation he might be providing.

**11.** *See In re Susman,* 876 A.2d 637 (D.C. 2005); *In re Friedman,* 843 A.2d 737 (D.C. 2004).

being no other indication on the question of his compliance, we need not address the propriety of the Board's conclusion. Therefore, it is

ORDERED that Steven R. Hook is suspended from the practice of law in the District of Columbia for a period of ninety days. The period of suspension shall begin to run from the date respondent files an affidavit which conforms to the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*