**In re Victor MBA–JONAS, Respondent.**

**Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 07–BG–254, 07–BG–1385.**

District of Columbia Court of Appeals.

Argued Feb. 18, 2010.
Decided April 29, 2010.

William R. Ross, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, and Judith Hetherton, Senior Assistant Bar Counsel, were on the brief, for the Office of Bar Counsel.

Elizabeth J. Branda, Executive Attorney, for the Board on Professional Responsibility.

Before REID and BLACKBURNE–RIGSBY, Associate Judges, and STEADMAN, Senior Judge.

REID, Associate Judge:

This case involves two reciprocal discipline matters. Due to misconduct in the

handling of his attorney escrow account, the Court of Appeals of Maryland indefinitely suspended Respondent, Victor Mba–Jonas, on March 20, 2007, "with the right to reapply for readmission after 90 days." *Attorney Grievance Comm'n v. Mba–Jonas ("Mba–Jonas I")*, 397 Md. 690, 919 A.2d 669, 677 (2007). After Mr. Mba–Jonas later engaged in similar violations of Maryland's rules governing attorney conduct, the Court of Appeals of Maryland on December 4, 2007, examined the "two cases in conjunction," concluding that "the appropriate sanction is a continuation of the indefinite suspension with the right to reapply for readmission after six months from the date [the court's] opinion is filed." *Attorney Grievance Comm'n v. Mba–Jonas ("Mba–Jonas II")*, 402 Md. 334, 936 A.2d 839, 847 (2007).

The Board on Professional Responsibility submitted a December 21, 2007 Report and Recommendation in the first matter, recommending reciprocal discipline of ninety days suspension with a conditional requirement to "furnish proof of [Mr. Mba–Jonas's] rehabilitation in a proceeding under D.C. Bar R. XI, § 16." After disposition of the second matter by the Court of Appeals of Maryland, the Board filed its Report and Recommendation, dated December 30, 2008, recommending identical reciprocal discipline of suspension from the practice of law in this jurisdiction "for a period of six months and that as a condition of reinstatement [Mr. Mba–Jonas] furnish proof of his rehabilitation in a proceeding under D.C. Bar R. XI, § 16." In both cases, the Board further recommended that he be "grant[ed] permission to move to vacate the fitness requirement if he is summarily reinstated in Maryland without objection from Maryland Bar Counsel."

Mr. Mba–Jonas took no exception to the Board's reports, and hence, he did not file a brief. However, Bar Counsel lodged an exception, contending that the appropriate sanction for these consolidated matters is presumptive disbarment because Mr. Mba–Jonas allegedly engaged in reckless misappropriation of entrusted funds. We accept the recommendation of the Board concerning the proper sanction.

Furthermore, Bar Counsel contends that the sanction should not commence until March 3, 2010, the date on which Mr. Mba–Jonas filed an acceptable affidavit showing compliance with the requirements of D.C. Bar R. XI, § 14(g). We agree with Bar Counsel as to the reciprocal sanction in *Mba–Jonas I*.

### FACTUAL SUMMARY

The record reveals that the misconduct pertaining to Mr. Mba–Jonas's management of his escrow account took place between 2003 and 2005.[1] The factual findings made in the Maryland proceedings are set forth in *Mba–Jonas I*, 919 A.2d at 672–74, and *Mba–Jonas II*, 936 A.2d at 841–42. They need not be repeated here.

Maryland Bar Counsel recommended in *Mba–Jonas II* that Mr. Mba–Jonas be disbarred, but the Court of Appeals of Maryland rejected that recommendation. In "consider[ing] 'the nature and gravity of the violations and the intent with which they were committed,'" *Mba–Jonas II*, 936 A.2d at 846 (citations omitted), the court specifically concluded:

Neither of the actions against [Mr.] Mba–Jonas involves an intent to defraud, deceive, or steal from his clients. [The judge] found in the previous case that "[c]learly, he had no intent to defraud or steal from his clients. In fact,

---

**1.** Mr. Mba–Jonas was admitted to practice in the District of Columbia on September 6, 1996. His other Bar admissions are Maryland, Virginia, and Pennsylvania.

many of his problems resulted from his desire to accommodate his clients and to keep them satisfied with his representation." *See Atty. Griev. Comm'n v. Mba-Jonas,* [ ] 919 A.2d at 674. Likewise, in the present matter, [the judge] found that the "[c]ourt does not believe—nor has it been suggested—that the state of [Mr. Mba–Jonas's] escrow account is the result of dishonesty, fraud, deceit or misrepresentation."

*Id.* at 846 (third alteration in original). The court stressed the trial judge's finding that "[Mr.] Mba–Jonas did not deceive his clients." *Id.* at 847.

The Maryland court cited as mitigating factors serious family problems with which Mr. Mba–Jonas was confronted at the time he mismanaged his escrow account. These included the terminal illness of his mother and the required dialysis of his brother-in-law who had no insurance, and the care of his six children—magnified by his wife's outside employment, all of which forced him to cut back on his law practice. *Mba–*

2. The Board did not submit a brief but appeared at oral argument at the request of the court.

3. Maryland does not recognize reckless misappropriation as a distinct category in addition to negligent and intentional misappropriation, as does the District.

4. Rule XI, § 11(c) provides:
(c) Standards for reciprocal discipline. Reciprocal discipline may be imposed whenever an attorney has been disbarred, suspended, or placed on probation by another disciplining court. It shall not be imposed for sanctions by a disciplining court such as public censure or reprimand that do not include suspension or probation. For sanctions by another disciplining court that do not include suspension or probation, the Court shall order publication of the fact of that discipline by appropriate means in this jurisdiction. Reciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence, that:

*Jonas I,* 919 A.2d at 674; *Mba–Jonas II,* 936 A.2d at 844.

## ANALYSIS

█ Bar Counsel argues that Mr. Mba–Jonas should be disbarred because the Maryland record contains clear and convincing evidence of reckless misappropriation, and there is a presumption in this jurisdiction of disbarment for intentional and reckless misappropriation. The Board, in its Report and Recommendation and at oral argument,[2] contends that the District recognizes a presumption in favor of reciprocal discipline, and given the factual and credibility determinations in the Maryland proceedings, the record does not support the finding that Mr. Mba–Jonas engaged in intentional or reckless misappropriation of entrusted funds.[3]

█ Under D.C. Bar R. XI, § 11(c) (2010), "[r]eciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence," that the case falls within one of five exceptions.[4]

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the Court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in the District of Columbia; or
(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia. Unless there is a finding by the Court under (1), (2), or (5) of this subsection, a final determination by another disciplining court that an attorney has been guilty of professional misconduct shall conclusively establish the misconduct for the purpose of a reciprocal disciplinary proceeding in this Court.

One of the exceptions, on which Bar Counsel relies here, is "[t]he misconduct established warrants substantially different discipline in the District of Columbia." Rule XI, § 11(c)(4). However, § 11(c) " 'creates a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction,' unless the record affirmatively shows that a different sanction is warranted." *In re Sheridan*, 798 A.2d 516, 521 (D.C.2002) (quoting *In re Zilberberg*, 612 A.2d 832, 834–35 (D.C.1992)); *see also In re Weekes*, 990 A.2d 470, 472 (D.C. 2010); *In re Uscinski*, 981 A.2d 588, 594 (D.C.2009).

In light of the Maryland trial court's factual findings in *Mba–Jonas I* and *II*, we are not convinced that Bar Counsel has overcome the presumption favoring reciprocal discipline. The Maryland appellate court concluded that "[n]either of the actions against [Mr.] Mba–Jonas involves an intent to defraud, deceive, or steal from his clients"; in reaching this determination, the court emphasized the finding of the trial judge in *Mba–Jonas I* that "[c]learly, [Mr. Mba–Jonas] had no intent to defraud or steal from his clients." *Mba–Jonas II*, 936 A.2d at 846 (third alteration in original). Moreover, as the Board asserts, since Maryland does not recognize "reckless misappropriation," if it had decided that Mr. Mba–Jonas's conduct displayed "conscious indifference" (the *mens rea* requirement for reckless misappropriation in the District), *see In re Anderson*, 778 A.2d 330, 339 (D.C.2001), in managing his client trust account, it would have found inten-tional misappropriation on his part, as it has in the past. *See Attorney Grievance Comm'n v. Cafferty*, 376 Md. 700, 831 A.2d 1042, 1057 (2003) ("Respondent's 'conscious indifference' in the use and management of the client trust account constitutes intentional misappropriation under Maryland law."). Consequently, we accept the recommendation of the Board and impose a suspension of ninety days in *Mba–Jonas I*, with a fitness requirement, and a suspension of six months in *Mba–Jonas II*, also with a fitness requirement. We also accept the Board's recommendation that if Mr. Mba–Jonas "is summarily reinstated in Maryland without objection from Maryland Bar Counsel," he may "move to vacate the fitness requirement."

 One final issue must be addressed, and that is the date on which Mr. Mba–Jonas's suspension should begin to run in *Mba–Jonas I* and in *Mba–Jonas II*. In its December 30, 2008 report, the Board declared that Mr. Mba–Jonas "has not filed any supplementary affidavit" in *Mba–Jonas I*.[5] Moreover, "the wording of his affidavit [in *Mba–Jonas II* ]" is "deficient" in some respects, and "Paragraphs 5, 6, 7 and 8 . . . fall short of the requirements in D.C. Bar R. XI, § 14(g)." However, the Board recommended that "if Respondent does file a supplemental affidavit that complies with D.C. Bar R. XI, § 14(g), properly sworn or notarized, within 30 days after this report is filed, his suspension in *Mba–Jonas II* be deemed to run from January 7, 200[8]."[6] On February 3, 2009, Mr.

**5.** On May 10, 2007, this court issued an order temporarily suspending Mr. Mba–Jonas on the basis of his Maryland suspension in *Mba–Jonas I*. On July 26, 2007, he filed an affidavit purporting to comply with D.C. Bar R. XI, § 14(g). However, both Bar Counsel by letter of August 2, 2007, and the Board in its report of December 21, 2007, found the affidavit to be inadequate. The Board recommended that

if a complying supplemental affidavit was filed within thirty days, the suspension would commence *nunc pro tunc* to July 26, 2007.

**6.** The Board's report states "January 7, 2007," but we believe that is an error, and the proper date is January 7, 2008. That is the date on which this court issued an order temporarily suspending Mr. Mba–Jonas on

Mba–Jonas submitted a supplemental affidavit in No. 07–BG–1385, *Mba–Jonas II,* but not in *Mba–Jonas I.*

In its brief, Bar Counsel states that it did not object to the supplemental affidavit filed in *Mba–Jonas II,* but Bar Counsel noted that Mr. Mba–Jonas never supplemented his affidavit in *Mba–Jonas I,* despite the opportunity to do so. During oral argument, Bar Counsel emphasized Mr. Mba–Jonas's failure to file an acceptable § 14(g) supplemental affidavit in *Mba–Jonas I.* Bar Counsel agreed that the supplemental affidavit filed in *Mba–Jonas II* on February 3, 2009, satisfied the requirements of § 14(g). However, Bar Counsel took the position, as we understand it, that since the cases had been combined, the beginning date for Respondent's sanctions in both cases should begin when he filed a compliant affidavit covering *Mba–Jonas I.*

In light of the affidavit discussion during oral argument, we requested additional information from Bar Counsel concerning notice that Mr. Mba–Jonas received about the non-compliance of his affidavits with § 14(g). Bar Counsel sent a letter, dated February 18, 2010 to this court, with copies to Mr. Mba–Jonas and to the Board, referencing (1) a notice of noncompliance, dated August 2, 2007 (sent directly to Mr. Mba–Jonas), and (2) the Board's December 21, 2007 report and recommendation in *Mba–Jonas I,* giving him thirty days after the filing of its report to file a compliant supplemental affidavit. Bar Counsel's February 18, 2008 letter also asserts:

> Although Respondent did file an affidavit complying with his obligations as directed by the Board in *Mba–Jonas II,* that affidavit only states that he had no clients to notify or property to return *as*

the basis of his Maryland suspension in *Mba–Jonas II.* He attempted to comply with the requirements of D.C. Bar R. XI, § 14(g) in an

*of January 8, 2008.* Nothing in the record explains what happened to Respondent's clients' matters or his clients' property between June 8, 2007, and January 8, 2008.

Bar Counsel submits that for purposes of reinstatement to the practice of law in this consolidated reciprocal discipline matter, any final discipline should not be deemed to begin running until a fully-compliant affidavit is filed.

(Emphasis in original).

On March 3, 2010, the court received a letter from Mr. Mba–Jonas, together with a supplemental affidavit covering both Nos. 07–BG–254 and 07–BG–1385. His letter states, in part:

> The fact is that after the supplemental affidavit was filed I was doubtful that it was sufficient to cover both cases. However upon asking my counsel … he assured me that since the cases were consolidated that the supplemental 14(g) was sufficient as filed.

Bar Counsel responded on March 24, 2010, (1) pointing out that "[a]t no time prior to March 3, 2010, did Respondent supplement his affidavit in the first reciprocal discipline matter," and (2) maintaining that Mr. Mba–Jonas's suspension in this consolidated case should begin to run from March 3, 2010, "the date on which [he] complied with his obligations under D.C. Bar Rule XI, § 14(g)."

We confronted a similar affidavit question in *In re Weekes, supra,* and discussed the importance of the § 14(g) affidavit. *In re Weekes,* 990 A.2d at 473 (citing *In re Bowser,* 771 A.2d 1002, 1010 (D.C.2001); *In re Hook,* 912 A.2d 554, 555 (D.C.2006)). We also applied three factors on which the Board has relied for determining whether

affidavit filed on February 4, 2008, but in its December 2008 report, the Board found that the affidavit was deficient.

to give a respondent an opportunity to provide a compliant supplemental affidavit. *Id.* at 474–76. The first factor examines whether there is an omission or defect in the original affidavit relating to a "core requirement" of Rule XI, § 14(a) through (d), and whether there has been actual compliance "which simply was not adequately reported in the affidavit." *Id.* at 474. The second factor focuses on whether respondent's conduct merits "an opportunity to correct" the affidavit. *Id.* at 474. The third factor considers whether "fairness to the respondent suggest[s] that an opportunity to correct is in order." *Id.* at 474.

The Board's December 2008 report clearly indicates that Mr. Mba–Jonas should be given an opportunity to correct his affidavit in *Mba–Jonas II,* but that he had already been given an opportunity to do so in *Mba–Jonas I.* Consequently, the Board gave him thirty days after the filing of its report in which to submit a compliant affidavit in *Mba–Jonas II.* As Bar Counsel acknowledges, he filed a compliant supplemental affidavit in *Mba–Jonas II,* and we are satisfied that his filing was timely under the Board's December 2008 report. Since he complied with the Board's directive, we see no need to deny him the benefit of his timely compliance, despite the fact that Bar Counsel contends we should treat the cases as consolidated for purpose of determining Mr. Mba–Jonas's compliance with § 14(g). The two matters were eventually consolidated for administrative convenience, but they have consistently been handled as two separate reciprocal disciplinary matters. We think that the fairer approach is to treat the cases separately concerning the date on which the suspension is to begin for each matter, as the Board has done. Consequently, the six-month suspension in *Mba–Jonas II* will run from January 7, 2008.

However, Mr. Mba–Jonas did not file a satisfactory affidavit in *Mba–Jonas I* until March 3, 2010. Rather than immediately acting on the thirty-day opportunity the Board gave him in December 2007, to submit a compliant affidavit covering *Mba–Jonas I,* Mr. Mba–Jonas waited an unreasonable period of time before finally tendering his March 3, 2010 supplemental affidavit, which covered his obligation in *Mba–Jonas I.* While the Board obviously thought, in 2007, that his conduct was such that he should be given an opportunity to correct his *Mba–Jonas I* affidavit, "fairness" does not require that he be given a second opportunity to supplement. This is particularly true since his letter of March 3, 2010 provides no acceptable reason for his delay. The letter states that he was "doubtful" that the 2009 supplemental affidavit "was sufficient to cover both cases" (*Mba–Jonas I* and *Mba–Jonas II* ), but that his attorney "assured" him that it was. Rather than being content to rely on the asserted advice of counsel, Mr. Mba–Jonas should have taken other steps to determine definitively whether that affidavit complied with § 14(g). We believe our analysis is consistent with the Board's approach in its December 2008 report to the commencement of the suspension in *Mba–Jonas I:* "The 90–day suspension recommended in *Mba–Jonas I* should start to run from the day Respondent[ ] files a compliant [§ ] 14(g) affidavit for that case." We accept the recommendation of the Board.

Accordingly, for the foregoing reasons, it is ORDERED that Victor Mba–Jonas be suspended from the practice of law in the District of Columbia, in *Mba–Jonas II,* for the period of six months, beginning *nunc pro tunc* to January 7, 2008, with reinstatement in this jurisdiction conditioned on proof of fitness to practice, except that he may move to vacate the fitness requirement if he is summarily reinstated in Ma-

ryland without objection from Maryland Bar Counsel. It is FURTHER OR-DERED that Victor Mba–Jonas be suspended from the practice of law in the District of Columbia, in *Mba–Jonas I,* for a ninety-day period, beginning March 3, 2010, with the same reinstatement condition as in *Mba–Jonas II.*

*So ordered.*